IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,                                      No. CIV S-06-2076 FCD GGH PS

    vs.

VINOTHEQUE WINE CELLARS,        <u>ORDER</u>
MARK TANNER,

    Defendants.

_____/

        Previously pending on this court's August 2, 2007 law and motion calendar was defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief may be granted), and, pursuant to Fed. R. Civ. P. 12(f), defendants' motion to strike plaintiff's "Memorandum of Points and Authorities" filed September 19, 2006.

        Counsel Ernest Malaspina appeared at the hearing on behalf of defendants. Plaintiff, proceeding in pro se, did not appear (as he so informed this court's courtroom clerk by telephone the preceding afternoon), although he timely filed an opposition. Plaintiff's notice of nonattendance was patently inadequate. Failure to appear at a scheduled hearing may be deemed withdrawal of opposition to the motion or may result in the imposition of sanctions. E. D. Cal. L. R. 78-230(j). Moreover, failure to comply with the Local Rules "may be grounds for

1

imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Pro se litigants are required to comply with the Local and Federal Rules. E. D. Cal. L. R. 11-110, 83-183.

It nonetheless remains the policy of federal courts to give pro se litigants every benefit of the doubt. See, e.g., Bretz v. Kelman, 773 F.2d 1026, 1027, n. 1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"). Plaintiff shall therefore be accorded one more opportunity to oppose defendants' motion to dismiss in order to address the significant overriding issue whether plaintiff has exhausted his administrative remedies.

The complaint alleges that in March 2006 plaintiff, then 51 years of age, was interviewed but not hired for either of two cabinet maker positions for which defendant Vinotheque Wine Cellars and its hiring manager, defendant Mark Tanner, were recruiting. The complaint alleges discrimination in hiring, and retaliation, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and a pendant state law claim of intentional infliction of emotional distress.

To pursue a private ADEA claim in federal court, a plaintiff must comply with the administrative exhaustion requirements of 29 U.S.C. § 626. As in Title VII cases, "substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite. . . [and] [t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." Leong. v. Potter, 347 F. 3d 1117, 1122 (9th Cir. 2003). "Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir.2005). In California, a "deferral" state (29 U.S.C. § 633(b)), these exhaustion requirements include the filing of an age discrimination charge with the California Department of Fair Employment and Housing ("DFEH") within 300 days of the alleged unlawful practice. See 28 U.S.C. § 626(d)(2); 29 C.F.R. 1626.7. Filing with DFEH is deemed to be a filing with the EEOC. McConnell v.

General Telephone Co. of California, 814 F.2d 1311, 1316 (9th Cir. 1987) ; see also 29 C.F.R. § 1626.10(c) ("charges received by one agency . . . shall be deemed received by the other agency for purposes of § 1626.7").

Accordingly, IT IS HEREBY ORDERED that plaintiff file, within ten (10) court days after the filing date of this order, a concise brief and pertinent exhibits demonstrating exhaustion of his administrative remedies as to both of his ADEA claims. No extensions will be granted. The court's caseload is substantial and judicial resources limited, and the court should not be tasked with resolving a case in which the plaintiff intentionally and casually breaches court rules. Failure of plaintiff to respond to this order shall result in a recommendation this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Defendants may, within ten (10) court days after the filing date of plaintiff's brief, file a response addressing plaintiff's exhaustion of his administrative remedies.

The court will thereafter submit defendants' motions for decision on the papers or schedule oral argument.

SO ORDERED.

DATED: 8/7/07

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

NOW6:Whitsitt2076.ord10