IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

    Plaintiff,

vs.

VINOTHEQUE WINE CELLARS,
MARK TANNER,

    Defendants.

No. CIV S-06-2076 FCD GGH PS

STATUS (PRETRIAL SCHEDULING) ORDER

_____/

The parties have filed a joint statement regarding scheduling. Accordingly, the court makes the following findings and orders:

SERVICE OF PROCESS

All defendants have been served and no further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction is premised on 28 U.S.C. § 1331 (federal question jurisdiction)

pursuant to plaintiff's claims brought under the Age Discrimination in Employment Act ("ADEA"), 20 U.S.C. § 621 et seq., and the court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Jurisdiction is undisputed[1] and is hereby found to be proper, as is venue.

MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by Thursday, September 25, 2008. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE

---

[1] Plaintiff also asserts jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). By its express terms, § 1343 applies only to conduct made "under color of any State law," and therefore does not apply to this action between private individuals and entities.

COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All discovery is left open, save and except that it shall be conducted so as to be completed by Friday, August 15, 2008.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than Thursday, July 24, 2008.

EXPERT DISCLOSURE

All counsel (and/or pro se parties) are to designate in writing and file with the court, and serve upon all other parties, the names of all experts that they propose to tender at trial not later than Friday, June 27, 2008.[2]  An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.  Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" (Rule 26(a)(2)(A)) and "designated" (Rule 26(a)(2)(B)) experts.  Both types of experts shall be listed.  Percipient experts are persons who, because of their expertise, have rendered expert

---

[2] The parties seek separate dates for the disclosure of experts and rebuttal experts. Accordingly, initial disclosures shall be made by May 30, 2008, and disclosure of rebuttal experts shall be made by June 27, 2008.

opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26(a)(2)(B) experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify to their opinions given in the past and the why's and wherefore's concerning the development of that opinion. However, they may not be asked to render a current opinion for the purposes of the litigation.

Designated Rule 26(a)(2)(B) experts, who may be percipient experts as well, are specifically designated by a party to be a testifying expert for the purposes of the litigation.[3] The designated Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Fed. R. Civ. P. 26 (a)(2) for any expert, who is in whole or in part designated as a Rule 26(a)(2)(B) expert. This information is due at the time of designation. Failure to supply the required information may result in the striking of the designated Rule 26 expert. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

FINAL PRETRIAL STATEMENTS

Pretrial statements shall be filed on or before Friday, December 5, 2008, in

---

[3] The court is not interested in a designation of non-testifying Rule 26 experts.

accordance with Local Rules 16-281 and 16-282. No pretrial conference shall be scheduled unless the court determines, upon receipt of the pretrial statements, that such conference would be materially helpful and therefore scheduled before the undersigned. Absent a pretrial conference, the pretrial statements shall be considered on the papers only, without appearance by either party.

All parties are to be fully prepared for trial upon the filing of the pretrial statements, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing Pretrial Statements. A FAILURE TO COMPLY WITH LOCAL RULES 16-281 AND 16-282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 16-281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case. <u>See</u> Local Rule 16-281(b)(3), (4), and (6). The undisputed facts and disputed factual issues are to be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial. <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.</u>[4] The joint statement of undisputed

---

[4] However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts.

facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>. The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

<u>TRIAL SETTING</u>

Trial is set to commence on Tuesday, January 27, 2009, at 9:00 a.m., in Courtroom No. 2. before the Honorable Frank C. Damrell, Jr. Trial will be by jury. The court expects the trial will take approximately 5 to 7days.

<u>SETTLEMENT CONFERENCE</u>

A Settlement Conference will be set upon review of the pretrial statements.

/ / / /

MISCELLANEOUS PROVISIONS

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. The parties may conduct discovery until Friday, August 15, 2008. Motions to compel discovery are to be noticed to be heard by Thursday, July 24, 2008, as more specifically described in this order.

2. The parties shall disclose all experts, as described herein, by Friday, June 27, 2008.

3. All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before Thursday, September 25, 2008.

4. Pretrial statements shall be filed on or before Friday, December 5, 2008, in accord with Local Rules 16-281 and 16-282.

5. This matter is set for jury trial to commence on Tuesday, January 27, 2009, at 9:00 a.m., in Courtroom No. 2.

DATED: 04/03/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH5:Whitsitt2076.SchOrd